**FILED
SCRANTON**

JUN 13 2001

# ORIGINAL

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

DEPUTY CLERK

| **United States District Court** | District Middle District of Pennsylvania | |
|---|---|---|
| Name Edward Ackerman | Prisoner No. CW-5843 | Case No. |

Place of Confinement

S.C.I. Houtzdale
P.O. Box 1000, Houtzdale, PA 16698

**1 : CV-01-1048**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Edward Ackerman | V.    John McCullough |

The Attorney General of the State of:
Pennsylvania

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Court of Common Pleas of Schuylkill County, Pennsylvania, Pottsville, PA

2. Date of judgment of conviction _____ Sept. 13 1995.

3. Length of sentence __ 4½ to 13 years

4. Nature of offense involved (all counts) _____ Rape, IDSI, Aggravated Indecent Assault, Indecent Assault, Simple Assault and Terroristic Threats

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court   Superior Court of Pennsylvania

(b) Result   Affirmed

2 Appeals.   1 interlocutory after hung jury, Nov. 07, 1994
(c) Date of result and citation, if known

and Oct. 7, 1996
(d) Grounds raised  Double Jeopardy, Weight of the Evidence, Jury
Instructions, Failure to sentence,  Police Testimony

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   Supreme Court of Pennsylvania

(2) Result   Petition for Allowance of Appeal Denied

(3) Date of result and citation, if known

(4) Grounds raised   same as above

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

                      N/A
(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court   Court of Common Pleas of Schuylkill County

(2) Nature of proceeding   Post Conviction Relief Act (PCRA) Petition

(3) Grounds raised   Ineffectiveness of Counsel, Prosecutorial
Misconduct.

(3)

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒  No ☐

(5) Result ___ Petition Denied _____

(6) Date of result __ 9/1/1998 _____

(b) As to any second petition, application or motion give the same information:

  (1) Name of court _____

  (2) Nature of proceeding _____

  _____

  (3) Grounds raised _____

  _____

  _____

  _____

  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐  No ☐
  (5) Result _____

  (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
  (1) First petition, etc.    Yes ☒  No ☐
  (2) Second petition, etc.  Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

  _____

  _____

  _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
  CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _Conviction obtained by a violation of the protection against double jeopardy._

Supporting FACTS (state *briefly* without citing cases or law) _The trial court dismissed the original jury after less than three (3) hours of deliberation The court failed to weigh the option of having the jury adjourn for the day and continue the next day. The jury was not held beyond 4:00 p.m. on the day the trial ended._

B. Ground two: _Denial of effective assistance of counsel._

Supporting FACTS (state *briefly* without citing cases or law): _Counsel failed to obtain a verbatim copy of the alleged statement made by the defendant. The Commonwealth never provided and it is questionable if any copy of this statement ever existed. The police testified That if a copoy of the alleged statement didat one time exist it no longer does._

AO 241 (Rev. 5/85)

C. Ground three: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant. Unconstitutional withholding of evidence (statements).

Supporting FACTS (state *briefly* without citing cases or law): The Commonwealth introduced a redeacted version of statements allegedly made by the defendant. In this redaction the Commonwealth lost or destroyed the original statement. The Commonwealth has never provided any copy of the statement.

D. Ground four Conviction obtained by a violation of double jeopardy. Defendant was retried for the greater offense after a conviction for the lesser offense.

Supporting FACTS (state *briefly* without citing cases or law): The defendant was tried for the greater offense of rape after he had been convicted of the lesser included offense of indecent assault. The Commonwealth deliberately delayed sentencing on the lesser charge for more than three years after the conviction.

(please see attached sheets for additional grounds.)

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:   12 E. denial of DNA testing was raised by the defendant in a pro-se post conviction petition, but appointed counsel failed to pursue the issue. The Superior Court of Pennsylvania then deemed the issue waived. Petitioner has no available state remedies.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing  Public Defender of Schuylkill County

(b) At arraignment and plea  Kent Watkins,  101 S. Second St., St Clair, PA, 17970

AO 241 (Rev. 5/85)

(c) At trial _____ Kent Watkins _____

(d) At sentencing _____ Kent Watkins _____

(e) On appeal _____ Kent Watkins _____

(f) In any post-conviction proceeding _____ Joseph Semasek, Schuylkill Cty. Public Defender _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ pro-se _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_5/29/01_
(date)

_Edward Ackerman_
Signature of Petitioner

(7)

Additional grounds for relief:

12. E. Conviction obtained by the unconstitutional failure of
the prosecution to disclose to the defendant evidence favorable
to the defendant.

Supporting facts: The prosecution failed to have the hairs
obtained' recovered  subjected to DNA testing.  DNA testing was
available and used by the Pennsylvania State Police in 1995
when the defendant was tried.



ED ACKELMAN
Cw# 5-843
PO Box 1000
White Deer, PA
17698

RECEIVED
SCRANTON

JUN 1 3 2001

PER _____ DEPUTY CLERK

1-CV-01048

OFFICE OF THE
U.S. DISTRICT
MIDDLE DISTRICT
235 N. WAS
SCRANTON, PA