UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN,         :
                         :
         Petitioner      :
                         :   CIVIL NO. 1:CV-01-1048
   v.                    :
                         :   (Judge Caldwell)
JOHN MCCULLOUGH,         :
                         :
         Respondent      :

ADMINISTRATIVE ORDER WITH NOTICE OF
LIMITATIONS ON FILING OF FUTURE
MOTIONS UNDER 28 U.S.C. § 2254

FILED
HARRISBURG, PA

JUN 1 8 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

TO THE PETITIONER:

The court has received a filing from you which you have titled a habeas petition governed by 28 U.S.C. § 2254. The purpose of this notice is to inform you of limitations upon your right to file another habeas petition in the future if your current petition is considered by the court.

Under 28 U.S.C. § 2244(b)(3)(A), no second or successive habeas petition under section 2254 is allowed unless there are exceptional circumstances and the petitioner has obtained permission from the appropriate court of appeals. This means that if your current 2254 habeas petition is considered on the merits and rejected, you no longer have the right simply to file another 2254 petition in this court raising other grounds for relief, even if you are attempting to raise grounds that you did not think of before filing the current petition.

Instead, you would have to move in the court of appeals for a certificate allowing you to file that second 2254 petition. Further, the grounds upon which you could rely to obtain that certificate, and proceed with a second 2254 motion, are limited to two extremely rare circumstances: (1) the factual predicate for the new claim was not previously available to you by the exercise of due diligence; or (2) there is a new rule of constitutional law that was previously unavailable to you and made retroactive to cases on collateral review by the Supreme Court. Please consult 28 U.S.C. § 2244(b)(2) for further details.

Because these grounds are so limited, in most cases they will result in the denial of approval to file a second or successive 2254 habeas petition, thereby barring the litigation of grounds that had not been presented in the first 2254 petition.

Thus, you should carefully consider whether the current habeas petition raises all grounds for relief from your conviction. If you think it may not, you may want to withdraw it before the court considers it. The court will allow you to do this now without prejudice to your right, after you have given the motion more thought, to file another 2254 petition.

If you do decide to withdraw your current petition with the intent of filing a comprehensive 2254 petition in the future, you are also advised that 28 U.S.C. § 2244(d) sets forth a one-

year statute of limitations for filing a 2254 petition. It also specifies periods of time that are not counted toward the limitations period. You should consult this section for when the one-year period starts to run.

Accordingly, this 18th day of JUNE, 2001, it is ordered as follows:

1. The petitioner is given leave to withdraw the current 2254 petition without prejudice to filing another 2254 petition raising all grounds for relief from his conviction.

2. The petitioner is granted 45 days from the date of this order to notify the court of his decision. If he fails to do so, the court will rule on the current 2254 petition as filed.

3. If the one-year limitations period would expire during this 45-day period, the limitations period is tolled from the date of this order until his notification is filed, or until 45 days have elapsed, whichever is earliest. In these circumstances, and if the petitioner decides to file an all-inclusive 2254 petition raising all grounds for relief, the petitioner's response must also be accompanied by his new 2254 petition.

*William W Caldwell*
WILLIAM W. CALDWELL
United States District Judge

-3-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 18, 2001

Re: 1:01-cv-01048   Ackerman v. McCullough

True and correct copies of the attached were mailed by the clerk to the following:

Edward Ackerman
SCI-HOUTZDALE
CW-5843
P.O.Box 1000
Houtzdale, PA  16698-1000

cc:
Judge                              (✓)         (✓) Pro Se Law Clerk
Magistrate Judge                   ( )         ( ) INS
U.S. Marshal                       ( )         ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( ) with N/C attached to complt. and served by:
                                       U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( ) with Petition attached & mailed certified mail
                                       to: US Atty Gen   ( )   PA Atty Gen ( )
                                           DA of County  ( )   Respondents ( )

Bankruptcy Court                   ( )
Other_____         ( )

                                                MARY E. D'ANDREA, Clerk

DATE: 6/18/01                                   BY: _____
                                                Deputy Clerk

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

P.O. BOX 1148

SCRANTON, PA 18501

June 14, 2001

Edward Ackerman
SCI-HOUTZDALE
CW-5843
P.O.Box 1000
Houtzdale, PA 16698-1000


Re: 1:01-cv-01048   Ackerman v. McCullough
    Judge: William W. Caldwell


Dear Sir/Madam:

Receipt is acknowledged of the document noted at the foot of this letter, subject as captioned above.

The matter has been forwarded to the Court for consideration.

Very truly yours,

MARY E. D'ANDREA, Clerk

By: _____
    Deputy Clerk

[✓] Petition For Writ of Habeas Corpus    [ ] Complaint

[ ] Transfer From Other District          [ ] Other

NOTE: Please be advised that in order for service to be made a U.S. Marshal Form 285 (form enclosed) must be completed for each named defendant and returned to the Clerk's Office at the above address. Additional forms are available at the prison library or the U.S. Marshal's Office. (This does not apply to Petitions for Writ of Habeas Corpus.)

Enclosed: Notice of Consent regarding Magistrate Referral.