(14)
10/31/01

# ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN,
          Petitioner        :

                       :   CIVIL NO. 1:CV-01-1048

        vs.             :

                       :   (Judge Caldwell)

JOHN MCCULLOUGH,
          Respondent      :

FILED
HARRISBURG

OCT 3 0 2001

MARY E. D'ANDREA, CLER
For
DEPUTY CLERK

COMMONWEALTH'S MEMORANDUM OF LAW
SUPPLEMENTING COMMONWEALTH'S ANSWER
TO DEFENDANT'S HABEAS CORPUS PETITION

As noted in the Commonwealth's Answer to Defendant's Habeas Corpus Petition, the

Pennsylvania Supreme Court denied certiorari on June 6, 2000. This was an appeal of the denial of

Defendant's post-conviction proceeding (Exhibit A - Opinion of the Honorable D. Michael Stine).

Petitioner filed his Habeas Corpus Petition on June 13, 2001.

28 USCS §2244(d)(1)A reads as follows:

    "A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court. The limitation
period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;" etc.

Thus, the Defendant's Petition for Writ of Habeas Corpus is untimely and must be dismissed. In

*Griffin v. Endicott*, 932 F.Supp. 231 (E.D. Wis. 1996), the Court noted that the one (1) year statute of

limitations applies to all cases involving habeas corpus petitions filed by individuals in custody pursuant

to the judge of a state court. As noted in *Calderon v. Thompson*, 140 L.Ed. 2d 728, the purpose of the

AEDPA is the respect for finality of criminal justice absent a strong showing of innocence. There has been no showing of innocence in this case. Thus, the Commonwealth respectfully requests that Defendant's Habeas Corpus Petition be dismissed.

Respectfully submitted,

*Karen Byrnes-Noon*

KAREN BYRNES-NOON
ASSISTANT DISTRICT ATTORNEY
SUPERIOR COURT I.D. NO. 44261
Schuylkill County District Attorney's Office
Schuylkill County Courthouse
401 North Second Street
Pottsville, PA 17901
(570) 628-1350

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN,                          :
         Petitioner          :
                                      :   CIVIL NO. 1:CV-01-1048
        vs.                      :
                                        :   (Judge Caldwell)
JOHN MCCULLOUGH,                          :
         Respondent          :

CERTIFICATION OF SERVICE

      I hereby certify that I am this day serving a copy of the Commonwealth's Memorandum of Law
Supplementing Commonwealth's Answer to Defendant's Habeas Corpus Petition upon the person and in
the manner indicated below:

      Service by first class mail on:

            Edward Ackerman, #CW-5843
            SCI - Houtzdale
            P. O. Box 1000
            Houtzdale, PA  16698

      October 29, 2001                                _Karen Byrnes-Noon_
                                        KAREN BYRNES-NOON
                                        ASSISTANT DISTRICT ATTORNEY
                                        I.D. NO. 44261
                                        SCHUYLKILL COUNTY COURTHOUSE
                                        401 NORTH SECOND STREET
                                        POTTSVILLE, PA  17901-2520
                                        (570) 628-1350

# EXHIBIT A

## COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
### CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA        : No. 84 - 1992
                                    :
                        vs.         :
                                    :
EDWARD ACKERMAN,                    :
                        Defendant   :

FILED

OCT 2 0 1998

Stephen M Lukach Jr.
Clerk of Courts

Per _____

Karen Byrnes Noon, Assistant District Attorney - for the Commonwealth
Joseph P. Semasek, Public Defender - for the Defendant

### ORDER AND OPINION PURSUANT TO PA.R.A.P. 1925

STINE, J.

AND NOW, this 20TH day of October, 1998, at 10:30 A.M., it is hereby ORDERED that the Clerk of Courts of Schuylkill County shall transmit the record, together with the Opinion of this Court, to the Pennsylvania Superior Court. The Court's Opinion filed on September 1, 1998, is attached as the Trial Court Opinion pursuant to Pa.R.A.P. 1925.

BY THE COURT,

_____ , J.

CLERK OF COURTS OFFICE
1998 OCT 20 P 3:25
SCHUYLKILL COUNTY, PA.

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :   No. 84 - 1992

           vs.                      :

EDWARD ACKERMAN,                :
                   Defendant     :

FILED
SEP 0 1 1998
Stephen M Lukach Jr
the k of ...
F

Karen Byrnes Noon, Assistant District Attorney – for the Commonwealth
Joseph P. Semasek, Public Defender – for the Defendant

**OPINION OF COURT**

STINE, J.

The matter before the court for consideration is the defendant's petition for relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. §9541, *et seq.* An evidentiary hearing was conducted by the court, at which time the defendant was represented by counsel other than trial counsel. After careful consideration of the entire record and the applicable law, we are convinced that the defendant's petition must be denied.

We make the following **FINDINGS OF FACT:**

(1)  The defendant was arrested on November 11, 1991, and charged with rape and related offenses.

(2)  Following a preliminary hearing the defendant was held for court on these charges.

(3)  The case was tried before this court and a jury from October 29 through November 2, 1992 resulting in a conviction on two of the counts in the criminal information, indecent assault and simple assault. The jury was unable to reach a verdict as to the remaining counts in the criminal information.

(4)  Thereafter the defendant filed post-trial motions, raising double jeopardy issues, which were denied by the trial court.

(5)  An appeal was filed by the defendant on March 17, 1994 and the judgment of the Court of Common Pleas was affirmed by the Superior Court on November 7, 1994.

(6)  On April 11, 1995 the Pennsylvania Supreme Court denied the defendant's petition for allowance of appeal and remanded the record to the trial court for trial on the remaining charges.

(7)  The retrial began on September 11, 1995, and on September 13, 1995, a jury found the defendant guilty of the offenses of rape, involuntary deviate sexual intercourse, aggravated indecent assault, and terroristic threats.[1]

(8)  On October 31, 1995, the defendant was sentenced to a prison term of 4-12 years for rape, concurrent terms for involuntary deviate sexual intercourse, and 1-24 months for simple assault, and a consecutive term of 6-12 months for terroristic threats.

(9)  An appeal from the judgment of sentence was filed to the Superior Court of Pennsylvania with the judgment of sentence being affirmed by the Superior Court on October 7, 1996.

(10)  Further findings of fact are separately discussed hereinafter emanating from the post-conviction proceeding and hearing thereon.

## DISCUSSION

The defendant initially filed his petition for post-conviction relief *pro se* raising various factors that he alleged emanate from ineffective assistance of trial counsel.  In the petition for post-conviction relief the defendant further requested the appointment of counsel, and thereafter the court appointed Attorney Joseph Semasek of the Public

---

[1]  Prior to the defendant's second trial, the Commonwealth moved to nol pros the charges of kidnapping and unlawful restraint.

2

Defender's Office, directed that any amendments to the petition be made within a given time, and directed a response from the Commonwealth.  Following an amended petition by PCRA counsel, and response of the Commonwealth, this court entered an order dismissing various allegations in the initial PCRA petition setting forth the reasons for those dismissals.  That order entered January 9, 1998, is incorporated herein.  Defense counsel then filed a subsequent amended petition on April 22, 1998, with the hearing before the court being limited to those issues not previously ruled upon by the court in our January 9, 1998 order.

The defendant alleges ineffectiveness of trial counsel in the following respects: in failing to file a suppression motion to exclude the defendant's admissions made to Trooper McAndrew both during a telephone interview and a personal interview the following day; that counsel failed to properly impeach the testimony of Trooper McAndrew regarding conflicting testimony involving notes taken during the interviews; by failing to secure exculpatory evidence in the nature of a coat worn by the victim at the time of the offense; by failing to secure expert testimony regarding the effects of drugs which the victim was using at the time of the incident; by failing to secure the handwritten notes of the investigating officer prior to trial; by failing to impeach the testimony of the prosecuting officers with regard to the identity of the defendant; and by failing to investigate the scene of the incident prior to trial.  While there are other allegations set forth in the amended petition for post-conviction relief, no testimony was presented with regard to those additional issues.

To be eligible for post-conviction relief, an appellant must establish by a preponderance of the evidence that his conviction or sentence resulted from one or more

3

of the errors or defects listed at 42 Pa.C.S.A. §9543, and that the issues he raises have not been previously litigated or waived.  42 Pa.C.S.A. §9543(3).  To establish an ineffective assistance of counsel claim, the defendant must demonstrate that the underlying claim is of arguable merit, that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the defendant's interest, and finally that the outcome of the proceedings would have been different but for the act or omission in question.  **Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352 (1995).  The defendant bears the burden of proof of all three prongs of this standard.  **Commonwealth v. Baker**, 531 Pa. 541, 562, 614 A.2d 663, 673 (1992).  Counsel is presumed to have acted in his client's best interest and suggestions to the contrary are the defendant's burden to prove.  **Commonwealth v. Miller**, 541 Pa. 531, 557, 664 A.2d 1310, 1323 (1995), (citations omitted).  With these standards in mind, we turn to the allegation raised in defendant's petition.

Much of the argument presented by the defendant relates to the statements given to Trooper McAndrew and trial counsel's use of those statements.  The defendant argues that trial counsel was ineffective for failing to have those purported statements suppressed, failing to properly impeach Trooper McAndrew for what defendant perceives as inconsistency in those statements, and for denying the defendant his right of confrontation because defense counsel did not secure the handwritten notes referenced by Trooper McAndrew.  The record clearly demonstrates that the arguments with regard to those statements lack merit.  Initially we note that in both trials defense counsel vigorously cross examined Trooper McAndrew with regard to making notes, especially notes from the initial telephone conversation with the defendant.  By comparing the testimony of Trooper McAndrew in the first trial (N.T. pp. 189-192) and the second trial (N.T. pp. 319-330) it appears that there is little, if any, inconsistency at all.  The defendant makes reference to

4

inconsistencies as to whether or not McAndrew made notes of the telephone conversation on the evening of November 10, and asserts that the testimony at the two proceedings is inconsistent. The testimony at the initial trial does not in any way state that the trooper did not take notes; rather Trooper McAndrew testified that he recalled specifically that the defendant said that the acts were consensual. During the second trial the trooper did say he may have taken notes, but that he did not maintain those specific notes after his police report was completed. Simply stated the disparity of that testimony here is minimal, if existent at all, and any further impeachment would not affect the outcome of the trial. This is especially so in light of the testimony of the victim. Counsel's examination for purposes of testing McAndrew's credibility as to the statement given over the phone was more than adequate by defense counsel.

The defendant's argument that the statement given to Trooper McAndrew should have been suppressed is likewise without merit. As noted in reviewing the standards for challenging the effectiveness of counsel, the defendant must demonstrate that the underlying claim is of arguable merit. It is clear from the record that the only inculpatory statement made by the defendant was made on the evening of November 10, 1992, where the defendant spontaneously stated to Trooper McAndrew that his encounter with the victim was consensual. The defendant failed to advance any legal basis for suppression of that statement. Initially we note that the phone conversation in which the statement was given was not under circumstances where the defendant was subject to custodial interrogation. **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant did not present any evidence to suggest that trial counsel was ineffective for not having the statement suppressed, but argues that the trooper should not have been believed. That is not a suppression issue, but rather a credibility issue. Thus,

5

counsel could not have been ineffective for not filing a suppression motion, where, as here, no grounds for the suppression of the statement exist.[2]

The defendant also argues that counsel was somehow ineffective for not securing exculpatory evidence, in particular the coat worn by the victim. Defendant equates the fact that they did not have the coat with being denied exculpatory evidence. The record simply refutes this contention. The testimony of the prosecutors during trial clearly indicated that there were no markings or mud on the victim's coat, and thus the jury was well aware that some conflict existed between the testimony of the victim and the physical evidence of the coat. To try to argue that the defendant was denied that exculpatory evidence somehow suggests that preserving a coat which had no prosecutorial value is equivalent with preserving evidence which is exculpatory in its very nature. The testimony presented at trial as to the condition of the coat clearly favored the defendant, and maintaining the coat had no further value.

The defendant next argues that his trial counsel was somehow ineffective in failing to further impeach the victim and prosecutors as a result of his misidentification related to his first name. The crux of the argument is that because he was initially identified as Charles Ackerman, his attorney should have somehow challenged the affidavit of probable cause or further impeached witnesses because of the use of that name. That argument likewise lacks merit. What is clear from the transcript of both trials is that the victim clearly identified this defendant. The fact that the victim may have misidentified the first name of the individual involved is negated by actual sight identifications by the victim at the preliminary hearing and at both trials, as well as information provided that she

---

[2] In the defendant's supplemental brief, filed July 21, 1998, the defendant makes a rambling argument addressed to prior inconsistent statements of witness and their use at trial for impeachment purposes, but fails to address the issues at hand. In addition the defendant argues violations of mandatory discovery provisions which relate to notes that may have been made by Trooper McAndrew, but that simply did not exist following preparation of the police report. Counsel cannot be ineffective for failing to secure that which does not exist. The defendant was well aware of the content of the admission as it was contained in the affidavit of the probable cause attached to the criminal complaint.

6

scratched the face of the defendant, in an area which proved to be identical to the wounds found on Edward Paul Ackerman.  To attempt to argue misidentification where there has been no misidentification, other than use of an improper first name, would not affect the outcome of the proceedings.

The defendant next asserts that trial counsel was somehow ineffective for failing to visit the immediate site of the incident prior to the first trial.  Although some spurious comments were made by the defendant that in doing so his attorney could not effectively examine witnesses as to lighting and conditions on the field adjacent to the defendant's home, nothing was presented that demonstrated that trial counsel was not aware of those conditions.  To the contrary, extensive testimony was elicited by trial counsel at both trials as to the surrounding conditions as well as the lighting available.  Furthermore, nothing presented suggests that the defendant was incapable of making counsel fully aware of surrounding conditions.  Clearly the defendant was fully acclimated with the surrounding area, he lived there.  Nothing presented at this proceeding suggests that the trial counsel was ineffective by failing to go to the scene prior to the first trial, nor can the court envision that the area could not be adequately described to defense counsel by his client, in that nothing extraordinary existed with regard to those conditions.

Finally the defendant argues that his counsel was ineffective for not securing the services of a psychiatrist to testify as to the effects of the drugs that were being taken by the defendant at the time of the incident.  The offer by the defendant was that such testimony would demonstrate that she could not have had the reactions to the drugs which she indicated, thus her credibility would be further questioned.  Defense counsel had secured information with regard to the reactionary characteristics of the drugs which the victim was taking, and extensively examined medical witnesses as to the potential effects of those drugs.  Furthermore, defense counsel testified, contrary to the testimony of the

defendant, that he was never instructed to secure the services of a psychiatrist. We found the testimony of trial counsel to be credible. Furthermore, the defendant failed to demonstrate exactly what such testimony might suggest. We perceive little value in demonstrating to the jury by professional testimony, or otherwise, that the victim suffered certain physical reactions that were not noted contra indications to the drugs she was taking. The defendant's claim lacks merit.

## CONCLUSIONS OF LAW

(1) The defendant was not deprived of his right to representation by competent and effective prior counsel.

(2) The defendant's prior counsel at all times relevant competently and effectively represented this defendant. The claims made by the defendant and referenced in our January 9, 1998, Order lack merit, and thus are incorporated herein.

Accordingly, we enter the following.

**COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA          : No. 84 - 1992
                                       :
                    vs.                :
                                       :
EDWARD ACKERMAN,                       :
                    Defendant          :

Karen Byrnes Noon, Assistant District Attorney - for the Commonwealth
Joseph P. Semasek, Public Defender - for the Defendant

### ORDER OF COURT

STINE, J.

AND NOW, this _31st_ day of _August_, 1998, at _4:00_ _P_.M.,
the Defendant's Petition for Relief under the Post-Conviction Relief Act is DENIED.

BY THE COURT,

_____, J.

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      :   No. 84-1992

vs.                               :

EDWARD ACKERMAN,                 :
                Defendant     :

F I L E
JAN 0 9 1998
Stephen M Lukac
Clerk of Court
Per _____

Karen Byrnes-Noon, Assistant District Attorney - for the Commonwealth
Joseph P. Semasek, Public Defender - for the Defendant

## ORDER OF COURT

STINE, J.

AND NOW, this _____9th_____ day of January, 1998, at ___10:00 A___.M., in accord with our Order of September 19, 1997, and upon consideration of the Defendant's Post-Conviction Petition, as supplemented by post-conviction counsel on December 10, 1997, and the Commonwealth's response thereto, it is hereby ORDERED that the following claims designated in the supplemented motion filed December 10, 1997, are dismissed for the following reasons:

1.      Ineffectiveness for defense counsel's failure to obtain DNA testing. The Defendant has failed to specify what exculpatory evidence was or may have been withheld, or to designate what may have been available for DNA testing. As presented at trial there was no testimony to suggest physical evidence for purposes of testing, nor was there a suggestion of the existence of evidence that could have been tested. The Defendant has failed to allege sufficient facts to support the claim. **Commonwealth v. Cottman**, 327 Pa. Super. 453, 476 A.2d 40 (1984).

2.      Commonwealth's failure to comply with discovery. The Defendant has failed to specify what exculpatory evidence was not made available. Testimony from

both trials indicate full disclosure. The Defendant has failed to allege sufficient facts to support this claim.

3.  Failure to produce notes. The Defendant has failed to specify what notes the Commonwealth failed to produce. References in the pro se petition to handwritten notes made by Trooper McAndrew were fully explained and not available for production. All notes maintained by counsel appear to have been provided via discovery. The Defendant has failed to allege sufficient facts to support the claim.

4.  Failure to examine all statements of victim/defendant. The Defendant has failed to specify what exculpatory evidence or what statements made by the victim or defendant that were not provided for examination. The Defendant has failed to allege sufficient facts to support the claim.

9.  Violation of Rule of Criminal Procedure 1405. The provisions of the rule referenced by defense counsel were not in effect at the time of sentencing. The effective date of the rule was July 1, 1996. Furthermore, Defendant has failed to allege any prejudice as a result of the purported harm, and sentencing was completed within 60 days of the final verdict. Furthermore, this issue has been fully litigated and addressed on appeal by the Superior Court of Pennsylvania, docketed at No. 4080PHL1993, dated October 7, 1996.

It is further ORDERED that a hearing on the issues raised in the Defendant's Petition in paragraphs 5 through 8 is scheduled for the **24th day of March, 1998, at 1:30 P.M.** in Courtroom No. 5, Schuylkill County Courthouse, Pottsville, Pennsylvania.

BY THE COURT,

_____, J.

2