# ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN,  :  CIVIL NO.  1:CV-01-1048
           Petitioner  :
             :  (Judge Caldwell)
          v.  :
            :
JOHN McCULLOUGH,  :
           Respondent  :

**FILED**
**HARRISBURG**

APR 2 5 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## COMMONWEALTH'S SUPPLEMENTAL ANSWER TO PETITIONER'S HABEAS CORPUS PETITION

RESPONSE TO PAGE THREE:

    9.    (a)    Admitted.

        (b)    Admitted.

        (c)    Admitted.

        (d)    Denied.  The grounds raised are included in the Commonwealth's attached exhibits to its original Answer.

        (e)    Admitted.

        (f)    Admitted.

    10.    Admitted.

    11.    Admitted.

RESPONSE TO PAGE FIVE:

     A.     Denied. See Commonwealth's original Answer No. 13 and attached Exhibits. By way of further answer, the Commonwealth has attached the Honorable D. Michael Stine's charge to the jury. Judge Stine asked each juror if the issues could be resolved. There was no error in declaring a mistrial.

     B.     Denied. See Commonwealth's original Answer No. 12(c) and attached exhibits.

Respectfully submitted,

KAREN BYRNES-NOON
ASSISTANT DISTRICT ATTORNEY
I.D. NO. 44261
SCHUYLKILL COUNTY COURTHOUSE
401 NORTH SECOND STREET
POTTSVILLE, PA 17901
(570) 628-1350

(After recess at 11:15 a.m.,
on November 2, 1992, in Courtroom
No. 5.)


## CHARGE OF THE COURT

Ladies and gentlemen, as I indicated, it seemed to be a long time ago, we all had various functions in this proceeding; and the function that I'm about to engage in is to instruct you on the law that you must apply; and I say you must apply because that is the one condition I had indicated initially that I would advise you as to what the law is; and whether you like it or not, you must utilize it and apply it to the facts as you find them.

I am going to do that in two general ways:  one, some general principles apply; and then secondly, going through each of the elements of the crimes that are still remaining in this case and advising as to what those elements are.

We, as I said, have had functions in this trial.  We all had functions, and they are difficult functions.  It's something you don't necessarily want to do every day.  We had the responsibilities of the respective counsel in this case, and I can only say that this has been a professional job; and I think you know it has been a professional job. Counsel has proved to be very able on both sides.

I indicated to you my function, and that is to charge you or tell you what the law is and to oversee the procedure of the case; and again, I just reiterate, that does not in any way and should not indicate to you how I feel about the case factually. That is your determination; and finally your function--and we are about to begin on that function although you have been doing it for the last three days; and that is determining the facts, determining what took place.

The closing arguments or summations as I have referred to I told you when we began are not evidence. They are, as I indicated to you, the recitation by the respective attorneys as to what they believe the evidence establishes. Even though they are not evidence, you can consider those arguments. You can consider the logic of those arguments when those arguments are supported by the evidence and when taking those arguments and looking at what you heard, what you have assessed factually, those arguments appeal to your commonsense and reason.

Likewise, I think Attorney Watkins indicated to you and I did also, that the questions that are posed by an attorney are not evidence. It's the response. What the witness said, what you were told, that is evidence in this case.

I began by telling you something very very important in our criminal law when I began my opening remarks to you; and I am going to do it now; and that has to do with the presumption of innocence.

329

I told you when we began and I tell you again, the mere fact that someone, anyone, is charged with a criminal offense has no presumption of guilt whatsoever. We citizens of the United States, any citizen, comes into a Courtroom cloaked with the presumption of innocence. I think I mentioned that as far back as the Magna Carta in the 1400's in England that that was developed and has carried through our system of jurisprudence. It's an inflexible rule. It's a rule that applies throughout the entire trial until the Jury, by a consideration of all of the evidence, the arguments, the charges as I give them to you, concludes that the defendant is guilty beyond a reasonable doubt. I told you the defendant has no burden whatsoever in this proceeding. He does not have to prove his innocence. Rather the burden of proof is always on the Commonwealth, always on the Office of the District Attorney to prove: one, that a criminal act was committed; and secondly, that that criminal act was committed by the defendant. That burden is inflexible. It never shifts. They must prove each element of every charge as I define it to you beyond a reasonable doubt.

With that protection, with that device, with that presumption that that is the centerfold of our criminal justice system, it's entirely up to the defendant in every criminal case to decide whether or not he wishes to testify. He has the absolute constitutional right to remain silent;

and you must not draw any inference from the fact that he does not testify.  He has no burden.

I told you that the Commonwealth has the sole burden of proof.  It never shifts.  They must prove that the offenses took place, that this defendant committed them.  They must prove that each element of the offense was committed beyond a reasonable doubt.  We have talked about reasonable doubt. I think you have heard it from both counsel.  You have heard me mention it at the beginning of the trial and a number of times already today.  The Commonwealth has the burden of proving the defendant guilty beyond a reasonable doubt. That does not mean that the Commonwealth must prove their case beyond all doubt or to a mathematical certainty nor must the Commonwealth demonstrate complete impossibility of innocence.

The doubt that we are talking about would be doubt that would cause a reasonable prudent person to pause and hesitate in a matter of highest importance to oneself.  A doubt to be reasonable must be one which fairly strikes a conscientious mind and clouds your judgment.  It cannot be raised in your mind out of nowhere to avoid rendering an unpleasant verdict.  As the term implies, it is doubt which is reasonable and arises out of fair consideration of the evidence or the absence or insufficiency of the evidence which would restrain you from acting in a matter of importance to yourself.

You should not find the defendant guilty unless you are so convinced from the evidence of guilt that you would venture to act upon that conviction without hesitation in a matter of highest importance in your own interest.  To summarize, you may not find the defendant guilty based on mere suspicion of guilt.  The Commonwealth has the burden of proving the defendant guilty beyond a reasonable doubt.

If it meets that burden, the defendant is no longer presumed innocent; and you should find him guilty.  On the other hand, if the Commonwealth does not meet that burden, you must find him not guilty.

It's your duty as jurors to take the law as I instruct you and apply it to the facts as you find them.  If in doing that, you find that the Commonwealth has met its burden of proof and you are convinced beyond a reasonable doubt of the defendant's guilt, then it is your duty as a juror to find him guilty.  If, however, you have such a reasonable doubt as to any material element of any of the crimes that I set forth or to any material part of the Commonwealth's case, it is equally your duty to resolve that in favor of the defendant and find him not guilty.

Both attorneys, I think were very candid in assessing your responsibility; and I told you when we began that the burden is on your shoulder, the jury; and it's your sole function, your sole duty, to determine the facts, that is,

to determine what actually took place, what happened at the times and places that are in question in this Courtroom.

In developing our system of justice or criminal justice system, we found that the means to do that, the means to discover truth is best effectuated by having you, peers, make that determination based upon what you observe in an open Courtroom setting. You have the opportunity in doing that to assess the witness, to see a witness who has been sworn to tell the truth in your presence; and you have the responsibility to appraise, to evaluate the credibility or truthfulness of every witness that testifies.

We talked an awful lot about commonsense; and I said, don't leave it behind. We take that with us. We are here to exercise and utilize that commonsense in performing your function. We know that because of human frailties that we all have, that absolute accuracy in the recitation of past events is virtually impossible. Things that are spoken, things that are seen are not always recorded with precision in the human mind. bias may cause a distortion of facts. Opportunity to observe may have been limited, may have been interfered with. Many factors may have prevented a witness from giving an accurate recital of what was said or done. All that makes it necessary for you, the members of the Jury, to consider and weigh the credibility of each witness; and you will decide what testimony to accept and what

333

testimony to reject.  Recall that testimony.  Recall the witness.

You weigh that credibility, as I said when we began, by doing what you do in everyday affairs, by assessing what someone has done, how they acted in front of you, how the witness appeared, the demeanor, how he or she may have spoken on the witness stand, the ability of that witness to understand, to observe, to remember, the intelligence of that witness, the opportunity for that witness to see or hear what that witness said they saw or heard, whether it's affected by any physical or mental condition, whether the witness appeared to be frank, or lacked frankness, or appeared certain or positive or was hesitant or doubtful, whether there were past inconsistencies, was the story told the same way, whether someone exhibited bias or favoritism, whether someone had an interest to gain, whether the evidence that you have heard was supported or corroborated is the term that we use by other evidence.  You are free to believe all, part, or none of any witnesses testimony.  You heard in this case testimony as to the general reputation of Patricia Brobst in that line for her truth and veracity. You should consider this testimony in assessing her credibility along with all of those factors that I have indicated.

Some of the Commonwealth's evidence in this proceeding falls within the term that we use, those who are trained in

the law, as circumstantial evidence.  Circumstantial
evidence is proof that directs toward the attending
circumstances.  What it really means is that by inference
you reached point B from all the surrounding factors rather
than go direction from point A to point B.  Many who are
unfamiliar with the law believe that this type of proof is
conjecture or guess.  It is not.  Circumstantial evidence is
acceptable.  It's an acceptable form of proof, and at times
it can be as strong as positive evidence.  I and another one
of the members of the bench use as an illustration bearing
on nothing in this case but how circumstantial evidence can
be as good as evidence.  If you were in a wooded area and it
was pretty thick and you saw something ahead of you and it
was brown and it went in front of you, you were pretty sure
of the shape and size, you would come to a conclusion or
could come to a conclusion that it was a deer that passed in
front of you.  You know what a deer looks like.  That's
direct evidence.  If on the other hand, it had just snowed,
it had just gone out into the woods and you saw the same
thing and you walked to that location and what you saw were
fresh deer tracks going exactly through that same area, the
circumstantial evidence would in that case probably would be
better than your direct evidence.  It would tell you what
went by that particular area.

     While the fact that the Commonwealth's evidence or some
of it is circumstantial, I told you can be used, you must

remember that guilt must be based upon facts and conditions that are proved. It cannot rest upon suspicion or surmise. Circumstances which you accept as facts must be such as reasonably and naturally justify the inference of guilt and of such volume and quantity as to overcome the presumption of innocence and satisfy you of the defendant's guilt beyond a reasonable doubt.

You heard in this case some evidence in a particular form of evidence. I have told you a little bit about circumstantial evidence which was a statement that was purported or alleged to have been made by the defendant. That testimony, I believe, came from Trooper McAndrew.

Before you may consider that information as evidence against the defendant, you must find that a crime was, in fact, committed, that the defendant, in fact, made that statement, and the statement was voluntary. Otherwise, you must disregard that statement.

Each juror, each one of you, should ultimately decide these questions for yourself and thereby individually accept or reject that statement that was alleged to have been made by the defendant. You must not allow the fact that we heard the statement, that it was admitted into evidence to influence you in any way during your deliberations. It is your responsibility to determine whether or not a crime was committed, the defendant, in fact, made that statement and that the statement was voluntary.

As I indicated to you before you can even consider that statement, you must first find that a crime was committed. This means you must disregard the statement unless you are satisfied beyond a reasonable doubt from the other evidence, direct or circumstantial, apart from the statement itself, that the crimes, in particular of kidnapping, rape and assault were committed by someone.

As I told you, you may not consider a statement as evidence unless you find that the person to whom that attributed statement is referenced, in fact, made the statement. Only so much of the statement as was actually made by the defendant may be considered as evidence to be judged for the truthfulness and weight along with other evidence in this case.

Again, I told you that that statement must have been voluntary. This means you must disregard the statement unless you are satisfied by a preponderance of the evidence and by that I'm meaning just tipping the scales, that it is by the greater weight of the evidence may be a better term, that the defendant made the statement voluntarily. A statement is always regarded as voluntary if it is made spontaneously, that is, not in response to police questioning. Police questioning includes not only direct questioning but also any conduct or tactic by the police that intended or expected or was reasonably likely to bring out a statement. Therefore, should you find that the

defendant's statement, assessing whether or not it was
voluntary, you have to assess if it was made spontaneously
and not in response to police questioning.

If you find that it was in response to questioning,
there are certain basic tests as to voluntariness that you
must apply.  To be voluntary, the statement must be a
product of a rational mind and a free will.  The person
making the statement must have had a mind capable of
reasoning about whether to make the statement or say
nothing, must be allowed to use it.  The defendant must have
sufficient willpower to decide for himself whether or not to
make a statement, must be allowed to make that statement.

There are reasons that I go into a lot of detail on the
voluntariness of the statement, but they all sort of flow
back to something that I told you before; and maybe that
would help your understanding of why I have gone into so
much detail; and that is under our constitution, we have
basic rights; and those are the presumption of innocence.
We disapprove obviously of improper police tactics if they
are involved.  Based upon our system, we have to come to the
conclusion that statements to be admitted have to be
voluntary.

In deciding whether or not the statement in this case
was voluntary, you should weigh all the facts and
circumstances surrounding the making of the statement which
shed light on whether it was a product of an essentially

free will and choice and not the result of pressure or being over borne.

If you find that the defendant made a statement voluntarily, you may then consider the statement as evidence. You should consider the facts and circumstances surrounding the making of the statement along with all other evidence in the case in judging its truthfulness and deciding how much weight, if any, the statement deserves of questions of whether or not the defendant has been proven guilty.

There was also testimony in this proceeding; and I'm sure you will recall it as to Mr. Ackerman's character. If you recall, that was testimony that was his general reputation in the community. It had to do and surrounded basically his testimony for his sexual morality, his good character in that regard. That evidence is to help you judge obviously the defendant in a light that is shown within the community by those people who are familiar with the defendant's reputation and whether in their opinion you have to determine they gave an accurate description of his reputation.

The law recognizes that a person of good character is not likely to commit a crime which is contrary to his nature. Evidence of good character by itself may raise a reasonable doubt of guilt and justify a verdict of not

guilty.  You must weigh and consider the evidence of good character along with other evidence in the case.

If on all the evidence you have reasonable doubt of the defendant's guilt, again, you must find him not guilty. However, if on all the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty, you should find him guilty.

I indicated to you and I have just gone over what are general principles of law that apply in this case and apply in every case.  I am now going to go through the elements of the charges that are remaining in this proceeding as was referenced to you by Mr. Watkins and again by Attorney Noon. Some of the charges--I went over basically ten charges when we began--were dismissed by me.  Those were the charges, one count that had to do with unlawful restraint, an aggravated assault charge, and a recklessly endangering charge.  I told you when we began there would be evidentiary matters that I would have to decide; and where I decided those evenditary matters, you were not to take that or utilize that as some indication of how I feel about the case.  Those were legal decisions that I had to make and resulted in those charges; so you will not hear any of the elements of those charges. Those determinations were evidentiary determinations that I have to make; and again, you should not utilize those of any indication of how I feel about the remaining charges.  That is your sole function.

The Commonwealth in this case charges the defendant with the crime of kidnapping; and it may be boring; and I have read some of the stuff that I have here, but I'm trying to be precise as I can; and I have put these things down so I don't miss anything.

In order to find the defendant guilty of kidnapping, you must find each of the elements of the crime have been established beyond a reasonable doubt. Those elements are as follows: That by using force or threat the defendant did one or both of the following: That he removed Patricia Brobst a substantial distance from the place where she was found and/or that the defendant confined Patricia Brobst for a substantial period in a place of isolation. Again, that element is that by using force or threat thereof, that the defendant did one or both of the following: Removed Patricia Brobst a substantial distance from the place where she was found and/or that the defendant confined Patricia Brobst for a substantial period in a place of isolation. You must also find that the defendant accomplished the removal or the confinement with the intention to facilitate the commission of a felony or to inflict bodily injury or to terrorize the victim.

I can tell you that the crime of rape which is charged in this proceeding against the defendant is a felony.

I used the term intention. A person acts with intention when it is his conscious object to engage in

conduct of a particular nature or to cause a particular
result.

In assessing whether or not the defendant or the victim
was removed a substantial distance from the place where
found or was confined for a substantial period, you should
evaluate all of the evidence under the circumstances which
you find to have occurred in assessing whether or not there
was substantial movement or confinement for a substantial
time had occurred.

If after considering all of the evidence you find that
the Commonwealth has established beyond a reasonable doubt
all of those elements which I have stated, you should find
the defendant guilty of kidnapping.  Otherwise, you must
find the defendant not guilty.

The defendant has also been charged with the crime of
unlawful restraint.  In order to find the defendant guilty
of unlawful restraint, you must find each of the elements of
the crime I will mention has been proven beyond a reasonable
doubt:  First, that the defendant held Patricia Brobst in a
condition of involuntary servitude; and second, that the
defendant knowingly held Patricia Brobst in a condition of
involuntary servitude.

A person acts knowingly if he is aware that his conduct
is of a particular nature or that it is practically certain
that his conduct will cause a particular result.

If after considering all of the evidence you find that the Commonwealth has established beyond a reasonable doubt all of the elements which I have stated, you should find the defendant guilty of unlawful restraint.  Otherwise, you must find the defendant not guilty.

The defendant is also charged with the crime of rape. A person commits rape if he has sexual intercourse with another, in this case it would be with a female, who is not his spouse by forcible compulsion or by threat of forcible compulsion which would prevent resistance by a reasonably prudent person.  The force used or threatened by the man can be physical force or violence, but it does not have to be.

In order to find the defendant guilty of rape, you must be satisfied that the following elements have been proven beyond a reasonable doubt:  First, that the defendant compelled Patricia Brobst to have sexual intercourse with him against her will; second, that the defendant did so by force or by threat of force, the threat being the kind of threat that would have prevented a reasonable resolute female from resisting if she were in the same situation as Patricia Brobst; and third, that Patricia Brobst was not the defendant's spouse.

Sexual intercourse has a special meaning in the law.  A man has sexual intercourse with a female if he penetrates her female sexual organ with his penis to the slightest degree.  He does not have to emit any semen.  A man also has

343

sexual intercourse with a female if he uses his penis to have intercourse with her mouth or her anus.  At least slight penetration of the mouth or anus but no emission of semen is required.

As I said, the force used or threatened can be but does not have to be physical force or violence.  A person can commit rape by using or threatening psychological, moral, or intellectual force.

I have defined the legal requirements for rape.  Note that there is no requirement that the man employ or threaten force likely to cause serious bodily injury or that the woman put up a fight or resist.  However, you should consider the evidence about the kind and amount of force and the extent of the victim's resistance along with the evidence of all other relevant facts and circumstances when deciding whether you were satisfied that the defendant compelled Patricia Brobst to have intercourse with him against her will and that the defendant did so by force or threat of force which is sufficient for rape.

In this case the defendant is also charged with involuntary deviate sexual intercourse.  A person commits the crime of involuntary deviate sexual intercourse if he has deviate sexual intercourse with another person by forcible compulsion or by the threat of forcible compulsion that would prevent resistance by a reasonably resolute

344

person.  The force used or threatened can, as I said before, be physical force or violence.

In order to find the defendant guilty of involuntary deviate sexual intercourse, you must be satisfied that the following elements have been proven beyond a reasonable doubt:  First, that the defendant compelled Patricia Brobst to have deviate sexual intercourse with him against her will; and second, that the defendant did so by force or by the threat of force, the threat being the kind of threat which would have prevented a reasonably resolute person from resisting in the same situation as this victim.

Deviate sexual intercourse is sexual intercourse by mouth or by anus between two people who are not husband and wife.  Thus, it is deviate sexual intercourse if a man uses his penis to have sexual intercourse with the anus of a woman who is not his wife or forces oral intercourse with a woman not his wife.  His penis must penetrate the anus or mouth at least slightly.  He does not have to emit any semen.

Having defined the legal requirements for involuntary deviate sexual intercourse, note as in the rape, there is no requirement that the individual employ or threaten force likely to cause serious bodily injury or that the person, the other person put up a fight or resist.  However, you should consider the evidence about the kind and the amount of force and the extent of Patricia Brobst's resistance

along with the evidence of all other facts and circumstances
when deciding whether you are satisfied that the defendant
compelled the victim to have deviate sexual intercourse
against her will and that the defendant did so by a force or
by threat of force which is sufficient for involuntary
deviate sexual intercourse.

The defendant has also been charged with the crime of
aggravated indecent assault.  In order to find the defendant
guilty of this crime, you must find that each of the
elements has been established beyond a reasonable doubt.
Those elements are first, that the defendant did engage in
penetration however slight of the genitals or anus of
Patricia Brobst; and second, that the defendant did so with
a part of his body for a purpose which was other than good
faith medical, hygienic or law enforcement procedures;
third, that he did so without the consent of Patricia
Brobst; and fourth, that the defendant acted knowingly or at
least recklessly with regard to Patricia Brobst's
non-consent.  The defendant must act at least recklessly, if
not knowingly, with regard to the alleged victims
non-consent.

A defendant acts recklessly with regard to an alleged
victim's non-consent, if the defendant conscientiously
disregards a substantial and unjustifiable risk that the
victim is not consenting to the indecent contact.  The risk
disregarded must be of such a nature and degree that

considering the nature and intent of the defendant's conduct and the circumstances known at the time, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.

The defendant is also charged with indecent assault. In order to find him guilty of indecent assault, you must be satisfied that the following elements have been proven beyond a reasonable doubt:  First, that the defendant had indecent contact with Patricia Brobst and/or caused her to have indecent conduct with him; second, that Patricia Brobst was not the spouse of the defendant; third, that the defendant did so without the consent of the victim; and fourth, that the defendant acted knowingly or at least recklessly with regard to Patricia Brobst's non-consent.

Indecent contact means any touching of the sexual or intimate parts of the body for the purpose of arousing or gratifying sexual desire in either person.  As I mentioned to you and I told you before, for there to be an indecent assault, the defendant must act if not knowingly at least recklessly with regard to the victim's non-consent.

A defendant acts recklessly with regard to an alleged victim's non-consent, if the defendant conscientiously disregards a substantial and unjustifiable risk that the victim is not consenting to the indecent contact.  The risk disregarded must be of such a nature and degree that

347

considering the nature and intent of the defendant's conduct and the circumstances known to the defendant, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.

The defendant has also been charged with the crime of simple assault. In order to find him guilty of simple assault, you must find that the following elements have been proven beyond a reasonable doubt: First, that the defendant caused bodily injury to Patricia Brobst; second, that the defendant's conduct in this regard was intentional, knowing, or reckless.

A person acts intentionally with respect to bodily injury when it is his conscious object or purpose to cause that injury.

A person acts knowingly with respect to bodily injury when he is aware that it is practically certain that his conduct will cause such a result.

A person acts recklessly with respect to bodily injury when he consciously disregards a substantial and unjustifiable risk that bodily injury will result from his conduct.

Again, that risk must be of such a nature and degree that considering the nature and intent of the defendant's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that

348

a reasonable person would observe in the defendant's situation.

If after considering all the evidence you find the Commonwealth has established each of the elements beyond a reasonable doubt, you should as in the other cases, charges, find the defendant guilty of that charge. Otherwise, you must find the defendant not guilty.

The defendant is also charged with terroristic threats. In order to find him guilty of that crime, you must find that each of the elements has been established beyond a reasonable doubt. They are as follows: First, that the defendant threatened to commit a crime of violence. In this case, it was the assault type crimes; and second, that the defendant acted with intent to terrorize another person.

A person acts with intent if it is his conscious object or purpose to engage in the particular conduct or to cause a particular result.

If after considering the evidence you find that the Commonwealth has established beyond a reasonable doubt all of the elements which I have just stated, you should find the defendant guilty of terroristic threats. Otherwise, you must find the defendant not guilty.

Can I see counsel just once?

(At side bar)

THE COURT: My intention was obviously not to go through the

349

evidence in this case unless there was an absolute request by one or the two of you to do so.  Do you, Mr. Watkins?

MR. WATKINS:  No, I have no request.

MRS. BYRNES-NOON:  I do not.

THE COURT:  Other than the concluding instructions, those are the instructions that I intended to give.  Is there anything further? Kent?

MR. WATKINS:  Well, we have offered the Points for Charge which have been defined.  Other than that, nothing comes to mind from the charge.

THE COURT:  Attorney Byrnes?

MRS. BYRNES-NOON:  Nothing, your Honor.

(End of side bar)

THE COURT:  As I indicated, you are charged with the duty of remembering all of the evidence in this case.  In deciding whether or not there are portions of evidence that you want to believe or not believe, as I indicated a number of times, you can believe

350

some, all or none from any particular witness's testimony.
Your recollection controls.  I have outlined the rules of
law that are applicable, and they are lengthy.

Upon retiring, it's your duty to weigh the evidence and
determine what happened factually.  You should do this from
all of the testimony heard, all of the evidence received.  I
indicated that you are the sole judge of the facts.  You
apply your commonsense and your life experiences and apply
them to the rules of law that I have given to you.

I ask that you deliberate without bias or prejudice.
Your verdict must be unanimous.  Each juror must decide for
oneself what facts occurred.  It is your duty, however, as a
Jury to consult with one another and deliberate in reaching
an agreement.  If it can be done without violence to your
own individual judgment, don't hesitate to charge a view if
you come to the conclusion that your initial view was wrong.
However, by the same token, don't surrender an honest
opinion just because of the opinion of the other jurors or
just to reach a verdict.

In assessing it and in dealing with that deliberation
process, you should apply the Golden Rule; and that is treat
the others, other members of the jury panel and their views
with the same respect that you would like them to give to
your views.

The first responsibility that you will have when you go
into the deliberation room will be to select a foreman; and

351

you can do this in any manner that you choose.  I'll tell you how to do it.  You can do it by a vote, a voice vote, a hand vote, whatever means you so decide.  The foreman will have the responsibility of directing deliberations and tabulating any votes.  He also will have the responsibility of recording that verdict on the verdict slip and notifying the Court Attendant when you have reached a verdict.

The verdict slip has been prepared and has been reviewed by counsel.  Have you had the occasion, Mr. Watkins to review it?

> MR. WATKINS:  Yes.
>
> THE COURT:  And Attorney Noon?
>
> MRS. BYRNES-NOON:  Yes, your Honor.
>
> THE COURT:  Do you have any objections to the verdict slip?
>
> MR. WATKINS:  No objections.
>
> MR. BYRNES-NOON:  No.
>
> THE COURT:  The verdict slip,

as you will see, contains the charges at the top, your names as the jurors and then the verdict.  What the foreman would do is behind each charge, you will see that there is a colon; and it begins with the first as I have gone through them, kidnapping, unlawful restraint, rape, involuntary, and so on.  It will be your responsibility behind each to enter your verdict either guilty or not guilty.  After having done

so, the foreperson would then date and sign the verdict
slip.

Is there anything additional, Attorney Watkins?

MR. WATKINS:  No, your Honor.

THE COURT:  Attorney Noon?

MRS. BYRNES-NOON:  No, your

Honor.

THE COURT:  At this point in
time I have to discharge the two alternate jurors who have
gone through this procedure and have dedicated their time.
It sometimes seems unfair that you go through the proceeding
and when you get to what is the end and then we have to ask
I guess it's Mr. Miller and Miss Schaeffer to leave; but you
can stay there until we get up; but your reason for being
here, I think, becomes obvious.  This has gone over a number
of days; and there are occasions, and it does happen where a
juror may get ill.  Someone may not be able to make it; and
if we had to go back and restart the process, you know how
long that would take.  We appreciate your being here and
dedicating your time because you are part of the system; and
often times you are in a situation where you make the system
happen or make it work.  However, the deliberation process
can only take place by twelve jurors; so you have to be
discharged at this point in time.  We are grateful for your
services.  We are grateful that nothing occurred to any one
of the other jurors.  We are happy that that happened; but

353

again, your being here is an aid to us in proceeding with the trial process. The remaining twelve jurors will at this point be removed to a deliberation room. I believe lunch has been ordered, and it will be probably be there either now or very shortly; and you will go to that room for the purpose of considering what your verdict will be.

This obviously is a very important case to Mr. Ackerman. It's a very important case to the Commonwealth. I ask you to consider the evidence very carefully. Be calm and be deliberate in your consideration of that evidence. Arrive at a verdict, a fair verdict, and have the foreman record it on the verdict slip and return it here at the appropriate time. At that time the verdict will be announced in open Court.

(At 12:05 p.m., the Jury left the Courtroom to deliberate)

THE COURT: I know there were some items, Mr. Watkins, that you requested not to go out with the Jury. Mr. Watkins, what were those items that you requested not go out with the Jury?

MR. WATKINS: We believe it was the rape kit, which is ....

THE COURT: Twenty-four.

354

MR. WATKINS: Yes. The affidavit of probable cause, 31. I don't know as far as if there are any other objectionable physical evidence.

THE COURT: With regard to the exhibits that are before the Court and may go out with the Jury, the rape kit, the Court feels that has been testified to. The Jury is aware of it. I don't think the technical nature of the rape kit is going to assess them in any way in arriving at the ultimate conclusion on the evidence. Likewise, the affidavit of probable cause because it does set forth other facts should not be considered in the .... The consideration I would have is they would give too much weight to that affidavit. Those two items which are exhibits, Commonwealth Exhibit 24 and No. 31 will not go to the Jury. The remaining evidence may go to the

355

Jury; and I take it you two will be around.

Would counsel please review those to make sure those are the ....

MR. WATKINS: I wanted to double-check to see if there was anything written on the pictures or anything of that nature .... No, I have looked through all of them. I don't notice any.

MRS. BYRNES-NOON: They are just the pictures themselves.

(At 12:08 p.m., the trial was recessed.)

(At 2:03 p.m., the Jury returned to the Courtroom)

THE COURT: The Jury has returned to the Courtroom; so the defendant is here along with counsel and Attorney Noon from the District Attorney's Office. It is now 2:07 p.m. There has been a question posed; and I assume you have selected a foreman, somebody who has directed the inquiry to the

356

Court.  Is that correct?  Everyone
looks in the rear corner.

The question that is posed and
will be made part of the record as
a Court Exhibit is could we have a
brief definition of indecent
assault, aggravated indecent
assault, and involuntary deviate
sexual intercourse.

I obviously understand we have
covered a lot of material today,
and it isn't a surprise that you
are out asking these questions.
You certainly may.

With regard to the charge of
indecent assault, and I will take
these just the way that you posed
them to me in the question.  In
order to find the defendant guilty
of indecent assault, you must be
satisfied that the following
elements have been proven beyond a
reasonable doubt:  First, that the
defendant had indecent contact with
Patrician and/or caused her and
that is and/or to have indecent

357

contact with him; second, that Miss Brobst was not the spouse of the defendant; third, that the defendant did so without the consent of the victim; and fourth, that the defendant acted knowingly or recklessly with regard to the victim's non-consent; so you have essentially four elements.  The first again is that the defendant had indecent contact or--and this could be and--caused the victim to have indecent contact with him; second, that the victim was not the spouse of the defendant; third, that the defendant did so without consent; fourth, that the defendant acted knowingly or at least recklessly with regard to Miss Brobst's non-consent.  Indecent contact means any touching of the sexual or other intimate parts of the body for the purpose of gratifying sexual desire in either party.

As I told you previously, for there to be an indecent assault, the defendant must act, if not knowingly, at least recklessly with regard to the victim's non-consent.

A person acts recklessly with regard to non-consent if the defendant consciously disregards a substantial and unjustifiable risk that the victim is not consenting to the indecent contact.  The risk disregarded must be of such a nature and degree that considering the nature and intent of the defendant's conduct and the circumstances known to him, it's disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.

You have also asked for the definition on aggravated indecent assault.  The latter part of the definition in indecent assault that goes to the issue of acting at

359

least recklessly or knowingly with regard to non-consent also applies in aggravated indecent assault.

In order to find the defendant guilty of this crime, aggravated indecent assault, you must find that the following elements have been established beyond a reasonable doubt: First, that the defendant did engage in penetration, however, slight of the genitals or anus of Patricia Brobst; second, that the defendant did so with a part of his body for a purpose that was other than good faith medical, hygienic, or law enforcement procedures; third, that he did so without consent; and fourth, that the defendant acted knowingly or at least recklessly with regard to Patricia Brobst's non-consent; so again, here there are four elements. First, that the defendant did engage in penetration however slight of the genitals or anus; second, that he did so with a

part of his body; and that the
purpose was not for good faith
medical, hygienic or law
enforcement reasons; third, that it
was done without consent; and
fourth, that the defendant acted
knowingly or at least recklessly
with regard to the non-consent.

You have also asked for a
redefinition of involuntary deviate
sexual intercourse.  A person
commits a crime of involuntary
deviate sexual intercourse--and I
am going to use the genders here
because we are dealing with two
genders--if he has deviate sexual
intercourse with another person by
forcible compulsion or by the
threat of forcible compulsion that
would prevent resistance by a
reasonable, reasonably resolute
person.  The force used or
threatened can be physical force or
violence.

In order to find the defendant
guilty of involuntary deviate

sexual intercourse, you must be satisfied that the following elements have been proven beyond a reasonable doubt:  First, that the defendant compelled Patricia Brobst to have deviate sexual intercourse with him against her will; and second, that the defendant did so by force or by the threat of force; and again, that threat being the kind of threat which would have prevented a reasonably resolute person from resisting in the same situation as Patricia Brobst.

Deviate sexual intercourse is sexual intercourse by mouth or by anus between two people who are not husband and wife.  Thus, it is deviate sexual intercourse if a man uses his penis to have sexual intercourse with the anus of a woman who is not his wife or if one forces oral intercourse with a woman not his wife.  There must be penetration at least slightly.  It

362

does not require the emission of
any semen.

Again, the elements of the
offense, and I have defined deviate
sexual intercourse are that the
defendant compelled the victim to
have deviate sexual intercourse
with him against her will and that
the defendant did so by force or by
the threat of force; and if it's
the threat, being the kind of
threat which would have prevented a
reasonably resolute person from
resisting if in the same situation
as the victim.

Note that there is no
requirement that the individual
employ or threaten force likely to
cause serious bodily injury or that
the other person put up a fight or
resisted.  However, you should
consider the evidence about the
kind and amount of force and the
extent of the victim's resistance
along with the evidence of all
other relevant facts and

circumstances when deciding whether you are satisfied that the defendant compelled Patricia Brobst to have deviate sexual intercourse against her will and that the defendant did so by a force or a threat of force which is sufficient for involuntary deviate sexual intercourse.

Hopefully, that will give you some aid; and you can return to the deliberation room.

(At 2:16 p.m., the Jury left the Courtroom to further deliberate.

(At 3:40 p.m., the Jury returned to the Courtroom)

THE COURT:  The record should indicate that it is 3:40 p.m.  The defendant is present in Court.  The Jury has returned.

Now, ladies and gentlemen of the Jury, it has been brought to my attention--I know you have been deliberating for roughly 3 1/2 hours, a little bit more than 3 1/2

364

hours--that you are having difficulty in resolving the issues or some of the issues raised in this particular case.

I understand and believe me I am aware that in part the difficulty is an indication of the sincerity that you have exercised as jurors and your objectivity with regard to your duties as jurors in this particular case.

On the other hand, you know, I have some concern given the amount of time as to whether or not the confusion in your minds might be the result of the instructions; and there were a lot of instructions that I had given you in this case or about the law.  I am in a position where if you think that after discussing again among yourselves that any further instructions might be helpful in any way, shape, or form, I would like to hear about that.

Now, I think you all realize
and I told you that your verdict
must be unanimous as to each of the
charges that are before the Court.
You do have a duty to consult with
one another and deliberate with a
view toward reaching an agreement
if that can be done without
violence to your individual
judgment.

As I indicated initially, each
of you must decide the case for
yourself but only after an
impartial consideration of the
evidence and with your fellow
jurors.

The foreperson of the Jury,
you have indicated--there has been
an indication that there is some
deadlock here.  What I would like
you to do with that in mind, we
have put a good deal of time into
this.  A number of people have put
a good bit of time into this.  You
know how important that is.  I
would ask that you take the Jury

back to the deliberation room.    I
would like you to discuss with the
Jury whether or not they feel there
is anything the Court can do, add
additional, go over the charges,
whether or not that would make any
progress in your minds or the minds
of your other jurors as to whether
or not there might be some
movement.    If you think that that
can be done, if you think you can
make progress, I would ask that you
move in that direction.    If you
think that that's not going to make
any progress, then notify the Court
Attendant; and I'll have you come
back into Court, and we'll proceed
from there.    Okay.    Thank you.

    (At 3:43 p.m., the Jury left
the Courtroom to further
deliberate.

    (At 4:05 p.m., the Jury
returned to the Courtroom)

    THE COURT:    The record should
again indicate that it is 7 minutes
after 4; and the Jury has again

returned to the Courtroom.  The
defendant is present as is defense
counsel.  The Commonwealth is
represented by Attorney Noon.

My understanding is that the
foreman is Christine Prep.  Is that
correct, Miss Prep?  And what I had
asked is I had asked you to take
the Jury back and try and ascertain
whether or not the problems that
you encounter are just a
disagreement on coming to a
conclusion on the factual issues or
whether or not you thought there is
something I can do to help you,
additional instructions,
redefinition of the charges,
something along that line.

Is there anything by way of
additional instructions or
clarifying instructions on the law
that I could give you that you
think would in any way help you
with reaching your verdict?

CHRISTINE PREP:  I don't think
it would help.

THE COURT:  In your judgment, as the foreman and directing the deliberations in this particular proceeding, in your own judgment is there a reasonable probability of the Jury being able to reach a unanimous verdict on all of the charges?

CHRISTINE PREP:  I don't think we can reach a unanimous verdict.

THE COURT:  And do you feel that's a dispute, a factual dispute that you cannot agree on?

CHRISTINE PREP:  Yes.

THE COURT:  Have you maintained or kept the verdict slip that outlines all of the charges, and you have that in the Jury room. I have to do this to you one more time; and what I am going to have you do is return to the Jury Room and on the verdict slip, those charges upon which you have reached a unanimous verdict, behind each of those charges where you have reached a unanimous verdict

indicate on that jury slip whether it's guilty or not guilty. On the charges on which you cannot reach a unanimous verdict and you feel after you discuss among yourselves, you come to the conclusion that you are deadlocked, indicate behind those charges cannot reach unanimous verdict. When you have the verdict slip completed, when you are all satisfied that you cannot reach factually a unanimous verdict on those issues, notify the attendant. We will return to the Courtroom and then enter the verdict as recorded. Okay. Thank you.

(At 4:10 p.m., the Jury left the Courtroom.)

(At 4:12 p.m., the Jury returned to the Courtroom.)

THE COURT: The record should indicate it is now 4:15 p.m. The Defendant is present in court. The Jury has returned to the Courtroom.

Would the foreperson please deliver
the verdict slip to the Clerk.

(The Court examines the
verdict slip.)

THE COURT:  With regard to
those counts which has been a
unanimous verdict entered by the
Jury, would the Clerk please read
the verdict and record it?

THE CLERK:  Ladies and
gentlemen of the Jury, hearken to
your verdict as the Court has
recorded the issue joined between
the Commonwealth of Pennsylvania
and the Defendant, Edward Paul
Ackerman in case No. 84 of 1992.
AND NOW TO WIT:  November 2, 1992,
we the jurors empanelled in the
above-entitled case find the
defendant on the charge of indecent
assault, guilty; on the charge of
simple assault, guilty.  So say you
all.

THE JURY:  Yes.

THE COURT:  Is there any request for polling of the Jury on those two charges?

MR. WATKINS:  No.

THE COURT:  Attorney Noon?

MRS. BYRNES-NOON:  No.

THE COURT:  With regard to the remaining counts, other than those two on which a verdict has been returned, Mr. Miller, Juror No. 1, do you agree that a hopeless deadlock which could not be resolved by further deliberations presently exists?

JUROR NO. 1.  Yes, your Honor.

THE COURT:  And, Mr. Kimmel, do you agree at this time there is a hopeless deadlock that cannot be solved by further negotiations?

JUROR NO. 2:  Yes, your Honor.

THE COURT:  Miss Lazarchick, do you agree to that?

JUROR NO. 3:  Yes, your Honor..

THE COURT:  Miss Heffner, do you agree that a hopeless deadlock

372

which could not be resolved by
further negotiations currently
exists?

    JUROR NO. 4:  Yes, your Honor.

    THE COURT:  Miss Helwig, do
you agree that there is a hopeless
deadlock that cannot be resolved by
further negotiations?

    JUROR NO.. 5:  Yes, sir.

    THE COURT:  Is it pronounced
Mr. Manue?  Mr. Manue, do you agree
that a hopeless deadlock which
could not be resolved by further
negotiations exists?

    JUROR NO. 6:  Yes, your Honor.

    THE COURT:  Mr. Herring, do
you agree that there is a hopeless
deadlock that cannot be resolved by
further negotiations?

    JUROR NO. 7:  Yes, your Honor.

    THE COURT:  I'm not sure ....
Mr. Steele, you have changed places
on me; but do you agree that there
is a hopeless deadlock that cannot
be resolved with regard to the
remaining charges?

JUROR NO. 8:  Yes, your Honor.

THE COURT:  And, Miss Prep, do you agree that there is a hopeless deadlock that cannot be resolved?

JUROR NO. 9:  Yes, your Honor.

THE COURT:  Miss Trusky, do you agree that there is a hopeless deadlock that cannot be resolved by further negotiations?

JUROR NO. 10:  Yes, your Honor.

THE COURT:  Mrs. Pitts, do you agree that there is a hopeless deadlock that cannot be resolved by further negotiations?

JUROR NO. 11:  Yes, your Honor.

THE COURT:  And it is pronounced?

JUROR NO. 12:  Steficek.

THE COURT:  Steficek, do you agree that there is a hopeless deadlock that cannot be resolved by further negotiations?

JUROR NO. 12:  Yes, your Honor.

374

THE COURT:  Ladies and gentlemen, on behalf of the Court .... Mr. Watkins, do you have a motion with regard to those charges.

MR. WATKINS:  I make a motion that verdicts of not guilty be entered on those charges, dismissed.

THE COURT:  The Court finds that with regard to those remaining charges, the Jury has reached an immpasse.  It's an impasse that cannot be resolved with regard to those remaining charges, and the Court on those remaining charges is declaring a mistrial.

Ladies and gentlemen of the Jury, I can only again thank you for the attentiveness and obviously, the obvious concern that you have given to this case.  Our system of justice would not move forward without you.  On behalf of all the judges in the county and on behalf of our entire judicial

375

system, I thank you for the time
that you set aside and the very
difficult task that you had to
encounter here.  I can only tell
you that I think we do have the
best form of criminal justice
system that the world knows; and
without your being part of it, it
wouldn't work.  At this time I am
going to discharge you as jurors on
this case, and I am going to turn
you over to our very able Clerk of
Courts, Mr. Lukach, who will make
arrangements to have you paid and
get you out of here.  Again, thank
you.

        (At 4:20 p.m., the Jury left
the Courtroom)

        THE COURT:  Mr. Ackerman ....
        EDWARD ACKERMAN:  Yes, sir.
        THE COURT:  .... with regard
to the charges in which the Jury
has returned a verdict of guilty,
those are the charges of indecent
assault and simple assault, I am
required to advise you and inform

                376

you that you have the right to file written motions for a new trial and in arrest of judgment within the next ten (10) days alleging any pretrial or trial errors which you believe were prejudicial or challenging the weight of the evidence or stating other grounds. If such motion were granted, you would receive a new trial.

You also have the right to file within the next ten (10) days a written motion in arrest of judgment objecting to any error appearing on the face of the record or challenging the sufficiency of the evidence to sustain the charges or challenging the jurisdiction of our Court to have heard this case.

If such a motion is filed and granted, the charges would be dismissed; and you would be completely discharged.

You have the right to the assistance of counsel in the preparation, filing, and argument

377

of such motions; and if you cannot afford counsel, counsel will be provided for you.

The legal effect of failure to file these motions is that the verdict will stand; and you will be held to have waived the right to challenge your conviction on these charges on appeal.

Under the law, only the issues raised in such post-trial motions may be argued in his Court or raised on appeal. Do you understand this advice?

EDWARD ACKERMAN:  Yes.

THE COURT:  Do you have any questions of the Court?

EDWARD ACKERMAN:  No, sir.

THE COURT:  Bail in this proceeding will remain as previously set.

MR. WATKINS:  Thank you, your Honor.

(At 4:23 p.m., the trial was adjourned.)

---------

Transcript lodged

    I hereby certify that pursuant to PA. R.A.P. #1922 I
have notified counsel for the parties that if no objections
are made to the text of this transcript within five days
after such notice, this transcript will become part of the
record.

*Cynthia C. Long*

*Eileen M. Miller*
        Official Stenographers

Transcript certified

    I hereby certify that the evidence and proceedings are
contained fully and accurately in the notes taken by me on
the trial of the within cause and that this transcript of
such notes is true and correct.

_____

_____
        Official Stenographers

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN,                          :    CIVIL NO.  1:CV-01-1048
                         Petitioner       :
                                          :    (Judge Caldwell)
              v.                          :
                                          :
JOHN McCULLOUGH,                          :
                         Respondent       :

CERTIFICATION OF SERVICE

I, **KAREN BYRNES-NOON,** Assistant District Attorney of Schuylkill County, hereby certify

that a copy of the Commonwealth's Supplemental Answer to Petitioner's Habeas Corpus Petition was

served this day by regular mail upon the following:

> Edward Ackerman, CW-5843
> SCI - Houtzdale
> P. O. Box 1000
> Houtzdale, PA  16698-1000

Respectfully submitted,

KAREN BYRNES-NOON
ASSISTANT DISTRICT ATTORNEY
I.D. NO.  44261
SCHUYLKILL COUNTY COURTHOUSE
401 NORTH SECOND STREET
POTTSVILLE, PA  17901
(570) 628-1350

DATE: April 23, 2002