**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD ACKERMAN
    Petitioner,
  vs.
JOHN McCULLOUGH
    Respondent

Civil Case No.
1-CV-01-1048
(Judge Caldwell)

FILED
HARRISBURG, PA
MAY 02 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

SUPPLEMENT TO MEMORANDUM OF LAW

Petitioner submitted a Memorandum of Law, herein after M.O.L., on November 11, 2001. This was the original due date in this action. Petitioner will now address the Respondent's objections.

Motion to Dismiss/ Double Jeopardy (Grounds 1 and 4)

In the Commonwealth's Motion to Dismiss they allege they had no control over the sentencing date. The record clearly shows that contrary to this statement, it was the Commonwealth's motion that delayed sentencing.

At the pretrial conference for the second trial defense counsel made a motion to have Petitioner sentenced (Transcript of Motion in Limine 9/8/94, Exhibit A). During the conference defense counsel stated that the District Attorney wrote a letter to the court on April 7, 1994. The letter was an attempt to delay sentencing which had been scheduled for May 13, 1994. This letter is not annotated in the docket and has not been supplied to the petitioner, but the District Attorney does agree she wrote the letter and that sentencing was delayed.

The Commonwealth argued that to sentence the defendant prior to the second trial would create a double jeopardy issue. As noted in the M.O.L., The Supreme Court has said it is the conviction and not the sentence which is the equivalent of

punishment and bars further jeopardy. (M.O.L. 11/11/01 p. 8, Ball v. U.S.).

The Commonwealth improperly considered that a sentence on the earlier counts would have created a double jeopardy issue. When applying Ball it is clear the conviction is what bars further action. Although the Commonwealth was incorrect in determining at what point jeopardy attached, they clearly understood the original convictions created a double jeopardy problem.

Retrial on greater offenses

The Commonwealth also argues that the Double Jeopardy issue should be dismissed because the determination is a statutory one. The Petitioner relies on the argument set forth in the M.O.L. based on Blockberger v. U.S. (M.O.L. p. 8). Nowhere in the opinions of the trial court or superior court is the Blockberger test applied to the instant case.

In applying Blockberger, it is clear the courts have ruled contrary to precedent and therefore there is no bar to habeas relief. Thus, the Commonwealth's argument is without merit.

Respondent also briefly addressed the manifest necessity part of Petitioner's double jeopardy claim in the supplemental answer they submitted. The Petitioner has addressed this issue in the M.O.L., but now emphasizes the words of the Third Circuit.

"To demonstrate manifest necessity, the state must show that under the circumstances the trial judge had no alternative

to the declaration of a mistrial." Love v. Morton, 112 F.3d 131 (3rd Cir. 1997). It is clear from the trial record that the brief deliberations of the jury did not exhaust all alternatives to a mistrial.

Reply to objections of 12c. Alleged statement of Petitioner. (Grounds 2 and 3)

The Respondent has argued that the Petitioner's issues about the statement should be dismissed. This is because they claim it is an evidentiary issue. The Petitioner has clearly raised the issue as a violation of the Due Process Clause, Effective Assistance of Counsel and Discovery violations. As noted in the M.O.L., Brady error is a matter of law subject to plenary review.

Petitioner has also shown that the statement does not have the "indicia of reliability" required to be used as evidence. Therefore any argument concerning the credibility of the statement is baseless. The state must first prove a statement is Constitutionally reliable prior to using it. In this instance the state has not met its burden.

Reply to objections of 12e. (Ground 4), DNA testing.

The court dismissed the DNA testing issue because post-trial counsel did not properly raise the issue. Petitioner has no state venue in which to raise the issue and as noted is raising it on a cause and prejudice standard.

The court addressed the DNA issue to the extent of denying it for failing to allege sufficient facts. When petitioner raised the issue after dismissing counsel at the appellate level,

the Superior Court deemed the issue waived. This is in spite of the fact it was framed as an effective assistance of counsel claim immediately following counsels dismissal.

Petitioner would also note that after filing the M.O.L. in November 2001, Petitioner discovered that the Pa. Senate has passed a DNA testing bill (Senate Bill 589, 2001 session) which is awaiting action by the State House. The Commonwealth is placing a procedural argument in front of the interests of justice. DNA testing has repeatedly shown its ability to determine guilt and innocence.

Respectfully submitted,

*Edward Ackerman*

ON THIS DATE: *APRIL 30, 2002*

Edward Ackerman, pro-se
CW-5843
P.O. Box 1000
Houtzdale, PA 16698

1  address this, may I address something
2  preliminarily which--
3       THE COURT: Certainly.
4       MR. WATKINS: --especially struck me
5  when I was preparing this is that this
6  case we've already had a trial and a
7  conviction but no judgment of sentence.
8  Now, originally you had scheduled that
9  for May 13th, '94. April 7th, '94 the
10 Assistant District Attorney wrote a
11 letter saying delay sentencing until
12 after appeal. The appeal from Superior
13 Court was denied on the issue of
14 manifest necessity double jeopardy
15 retrial November 7th, '94, and the
16 allowance of the appeal was denied
17 April 11th or denied April 11th, '95.
18 Now, from a point of view, there were a
19 lot of issues raised post trial that are
20 relevant both to this case, to a retrial
21 and the original case.
22      Now, obviously the District Attorney
23 for some reason had asked for a delay of
24 sentencing. Even at time of continuance
25 you asked me is this ready for

1  sentencing. I said we've always been
2  ready. It was the DA's Office that
3  asked to delay it.
4       Now, obviously some of the issues
5  that could possibly be decided affect
6  the conduct of this trial if, a judgment
7  of sentence, you know what I mean if, on
8  the issues I raise other than double
9  jeopardy that it would have to be raised
10 in an appeal from a judgment of
11 sentence. Therefore, if I, if, let's
12 say there's another conviction here on
13 one or more counts, well, I'll be
14 appealing two different judgments, two
15 different trials at the same time
16 basically. There's no decision,
17 ultimate decision to determine some of
18 these evidentiary questions or rights
19 which will come up again in this trial
20 and may necessitate if decided a retrial
21 based on the fact that they were
22 erroneously decided on the first case.
23      THE COURT: But your appeal can only
24 be the appeal from the judgment of
25 sentence.

```
                                                                    7

 1         MR. WATKINS: That's what I'm
 2   saying, so he hasn't been sentenced on
 3   this, on the first case or the first
 4   trial so I can't appeal the sufficiency
 5   of the evidence or all these various
 6   other issues that were raised post
 7   trial. I mean there are more than that,
 8   more specific ones about inclusion and
 9   the kidnaping, et cetera, and in
10   reviewing this and preparing and
11   thinking about it as well as reviewing
12   the cases, I think that that not only
13   creates a can of worms but is also
14   prejudicial to the defendant not having
15   it established what can and can't be
16   decided, admitted or what has been
17   decided at the first trial.
18         THE COURT: How is it prejudicial to
19   him? Certainly those are rulings of the
20   trial court.
21         MR. WATKINS: Right, but the, well,
22   let's put it, let me put it more in
23   perspective the way I view it. From
24   the--the rules of criminal procedure
25   were changed in sentencing to sort of
```

```
                                                                    8

 1   avoid this type of issue. We have a
 2   quick sentence, and then you have a
 3   right to appeal it and go up right away
 4   so you get a finality of sentence. If
 5   you get a retrial or whatever happens,
 6   it, the system is designed that there i
 7   a sentence and a disposition of that
 8   sentence.
 9         THE COURT: That's correct, and a
10   right to bail pending that disposition.
11         MR. WATKINS: Right, and now in thi
12   case there was a sentencing scheduled a
13   year and some months ago which we were
14   ready, the PSI was done, the defendant
15   was ready for sentencing, the District
16   Attorney's Office asked to delay it
17   until after appeal. Well, the appeals
18   were completed in, as I said, at the
19   latest April 11th of '95, and when I
20   came into continuances, you asked me if
21   this was ready for sentencing, and I
22   said yes. However, it was the
23   Commonwealth that asked for the delay,
24   not the defendant.
25         THE COURT: And your point or your--
```

7

1  MR. WATKINS: That's what I'm
2  saying, so he hasn't been sentenced on
3  this, on the first case or the first
4  trial so I can't appeal the sufficiency
5  of the evidence or all these various
6  other issues that were raised post
7  trial. I mean there are more than that,
8  more specific ones about inclusion and
9  the kidnaping, et cetera, and in
10 reviewing this and preparing and
11 thinking about it as well as reviewing
12 the cases, I think that that not only
13 creates a can of worms but is also
14 prejudicial to the defendant not having
15 it established what can and can't be
16 decided, admitted or what has been
17 decided at the first trial.
18   THE COURT: How is it prejudicial to
19 him? Certainly those are rulings of the
20 trial court.
21   MR. WATKINS: Right, but the, well,
22 let's put it, let me put it more in
23 perspective the way I view it. From
24 the--the rules of criminal procedure
25 were changed in sentencing to sort of

1  avoid this type of issue. We have a
2  quick sentence, and then you have a
3  right to appeal it and go up right away
4  so you get a finality of sentence. If
5  you get a retrial or whatever happens,
6  it, the system is designed that there i
7  a sentence and a disposition of that
8  sentence.
9    THE COURT: That's correct, and a
10 right to bail pending that disposition.
11   MR. WATKINS: Right, and now in thi
12 case there was a sentencing scheduled a
13 year and some months ago which we were
14 ready, the PSI was done, the defendant
15 was ready for sentencing, the District
16 Attorney's Office asked to delay it
17 until after appeal. Well, the appeals
18 were completed in, as I said, at the
19 latest April 11th of '95, and when I
20 came into continuances, you asked me if
21 this was ready for sentencing, and I
22 said yes. However, it was the
23 Commonwealth that asked for the delay,
24 not the defendant.
25   THE COURT: And your point or your--

1  MR. WATKINS: My point is that I
2  think, I think that there should be a
3  sentencing on that case and
4  determination of appeal before we try
5  this.
6  THE COURT: However, the rules of
7  procedure that were applicable to the
8  first conviction, Mr. Watkins, were not
9  rules of criminal procedure that denied,
10 in fact, did not deny you the right to
11 appeal. You did, in fact, appeal, did
12 you not?
13 MR. WATKINS: Only I couldn't appeal
14 the case, the judgment of sentence. I
15 believe the rules specifically allowed
16 an appeal on the issue of double
17 jeopardy. On manifest necessity is what
18 I appealed on. That was my motion, no
19 retrial on the basis of manifest
20 necessity.
21 THE COURT: Attorney Noon?
22 MS. NOON: Your Honor, first of all,
23 as, Mr. Watkins is correct that the
24 Commonwealth asked for the delay of
25 sentencing in regards to the simple

1  assault, indecent assault which the
2  defendant has already been convicted,
3  and the reason for that is that the
4  Commonwealth believes that if this Court
5  would sentence the defendant on the
6  indecent assault and the simple assault,
7  then there would be another double
8  jeopardy argument looking at it from
9  another viewpoint that he has been
10 sentenced in regards to those particular
11 crimes, and that is the reason and the
12 Commonwealth has always stated the
13 reason in regards to that's the reason
14 why we asked for the delay of sentence.
15 It is correct that the Court pointed out
16 that the appeal has to be from the
17 judgment of sentence, but none of the
18 issues that Mr. Watkins has raised this
19 morning in regards to the sufficiency of
20 evidence, in regards to the simple
21 assault charge, the sufficiency of
22 evidence regards to the indecent assault
23 charge have ever been waived. There has
24 been absolutely no prejudice to the
25 defendant. They have all been

1  preserved, and depending on the outcome
2  of this trial, say, for instance, the
3  defendant is acquitted of the remaining
4  charges, well, the Court then sentences
5  on the simple assault and the indecent
6  assault, and there is, all of the issues
7  have been preserved including the double
8  jeopardy argument. If he is found
9  guilty of the remaining charges, again
10 it's the same, the same situation.
11 There have been absolutely no waiver,
12 no, not, it hasn't been anything waived
13 by this particular defendant. All of
14 his rights have been preserved including
15 the double jeopardy argument, but the
16 Commonwealth's argument would be that if
17 this Court sentenced on the simple
18 assault and the indecent assault, then
19 that's going to be another issue that
20 would have to go up prior to the retrial
21 because there's going to be another
22 argument that that's double jeopardy
23 because the Court already sentenced on
24 those two crimes, and that's the reason,
25 and we've always stated that's the

1  reason as to why there should be a delay
2  of sentencing until the retrial and
3  depending on the outcome of this trial.
4       THE COURT: Wouldn't, however, there
5  is one restriction where there is an
6  application for appeal or an appeal in a
7  double jeopardy issue. There is a right
8  to appeal a double jeopardy issue unless
9  there is a finding by the trial court
10 that such an appeal would be frivolous,
11 and in light of the fact that those
12 issues have already been presented
13 regardless of whether it was pre or post
14 sentencing, they were presented to the
15 Superior Court, could not the Court find
16 that such an appeal from the judgment of
17 sentencing is frivolous, it's an issue
18 raised and determined?
19      MS. NOON: I don't believe that the
20 Court, first of all, since the
21 Commonwealth is taking this position
22 now, it would be difficult to take that
23 position on appeal. Obviously if the,
24 which depending on, as I indicated,
25 depending on the outcome of this trial.

```
 1   If Mr. Watkins then decides to appeal
 2   the simple assault conviction and the
 3   indecent assault conviction based on the
 4   sufficiency of evidence or based on
 5   whatever other motions that have been
 6   preserved during the time of this, the
 7   Commonwealth would be hard-pressed at
 8   that point to say, well, this has
 9   already been decided by the Court. No,
10   it hasn't. The only thing that has been
11   decided by the Superior Court and that
12   has been reviewed by the Pennsylvania
13   Supreme Court is the issue of whether we
14   can retry the defendant. That's the
15   only thing that has been decided by
16   those two courts, not anything else.
17        MR. WATKINS: Well, I was precluded
18   from raising the other issues because
19   under the rules, the only issue I can
20   raise is the double jeopardy issue until
21   he has been sentenced.
22        THE COURT: You certainly, under the
23   rules that were applicable at the time
24   of the first trial, that's true.
25   However, this Court does not believe
```

```
 1   that the defendant is in any way
 2   prejudiced by that. Those rights still
 3   are preserved. They are still there
 4   from appeal from the judgment of
 5   sentence, and the Court finds that in
 6   the interests of judicial economy the
 7   better practice is not to sentence and
 8   then run the potential of two separate
 9   appeals one based on the sufficiency of
10   the evidence in the first case, possibly
11   the second based upon the sufficiency of
12   the evidence in the second case when
13   they stem from the same criminal episode
14   or alleged criminal episode. If your
15   motion is that this trial be delayed
16   until there is a sentencing and you have
17   an opportunity to appeal, the Court
18   finds that that would not best serve
19   judicial resources nor would it
20   necessarily prejudice the defendant
21   where those rights have been preserved
22   and it's denied.
23        Onto the motions in limine. The
24   first, as I indicated, has to do with
25   defense motion number seven and
```